1  JOHN H. HORWITZ, State Bar No. 137192
   horwitzj@slmclaw.com
2  SCHAFFER, LAX, McNAUGHTON & CHEN
   A Professional Corporation
3  515 South Figueroa Street, Suite 1400
   Los Angeles, California 90071
4  Telephone: (213) 337-1000
   Facsimile: (213) 337-1010
5
   Attorneys for Defendants MGM GRAND
6  HOTEL, LLC dba MGM GRAND,
   erroneously sued as MGM GRAND and
7  MGM MIRAGE

8              UNITED STATES DISTRICT COURT
9       CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

| | |
|---|---|
| 11  BERNIE RODRIGUEZ,<br>12           Plaintiff,<br>13     v.<br>14  MGM GRAND; MGM MIRAGE;<br>    AND DOES 1-50 INCLUSIVE,<br>15<br>           Defendants.<br>16 | CASE NO. CV09-5625 GHK (AJWx)<br><br>NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER VENUE (28 USC. §1391(a); OR IN THE ALTERNATIVE, TO TRANSFER FOR IMPROPER VENUE 28 USC §1406(a) OR IN THE ALTERNATIVE, TO TRANSFER FOR CONVENIENCE (28 USC § 1404(a)<br><br>Date:  October 5, 2009<br>Time:  8:30 a.m.<br>Dept.:<br><br>Trial Date:    None Set |

21      TO PLAINTIFF AND HIS ATTORNEY OR RECORD:

22      PLEASE TAKE NOTICE THAT on October 5, 2009 or as soon thereafter as

23  the matter may be heard in the Courtroom of Judge George H. King, located at 312

24  N. Spring Street, Los Angeles, California 90012, defendant MGM GRAND

25  HOTEL, LLC dba MGM GRAND (erroneously sued as "MGM GRAND; MGM

26  MIRAGE") (hereinafter referred to as "MGM GRAND") will and hereby does

27  move pursuant to Federal Rule of Civil Procedure 12(b)(3) for an order dismissing

28
    283908 16925

1 this action on the ground that the venue is improper; or in the alternative, to transfer
2 this action to the United States District Court, District of Nevada--Las Vegas
3 pursuant to 28 USC § 1406(a); or, in the alternative, to transfer to the District of
4 Nevada—Las Vegas for convenience of the parties and witnesses pursuant to 28
5 USC § 1404(a).
6     This motion is based upon this notice of motion, the memorandum of points
7 and authorities and the declaration of John H. Horwitz filed and served herewith,
8 and upon the papers, records and pleadings on file herein.
9     A separate declaration of John H. Horwitz regarding efforts to comply with
10 the meet and confer requirements of Local Rule 7-3 is also filed herewith.

11 DATED: September 14, 2009    SCHAFFER, LAX, McNAUGHTON & CHEN
    A Professional Corporation

BY: /s/ John H. Horwitz
JOHN H. HORWITZ
Attorneys for Defendants MGM GRAND
HOTEL, LLC dba MGM GRAND,
erroneously sued as MGM GRAND and
MGM MIRAGE

283908 16925

2

NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER VENUE (28 USC. §1391(a); OR IN THE ALTERNATIVE, TO TRANSFER FOR IMPROPER VENUE 28 USC §1406(a) OR IN THE ALTERNATIVE, TO TRANSFER FOR CONVENIENCE (28 USC §1404(a)

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This diversity case was filed in the wrong venue and should be dismissed or transferred to the District of Nevada – Las Vegas, which is the district where the subject slip and fall accident occurred and the only judicial district wherein the only defendant resides. (See Declaration of John H. Horwitz filed concurrently herewith.)

### II. THE CENTRAL DISTRICT OF CALIFORNIA IS AN IMPROPER VENUE UNDER 28 U.S.C. §1391

The Central District of California is an improper venue for this diversity of citizenship case pursuant to 28 U.S.C. §1391(a). That section states:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

All three subsections of sub-division (a) above prescribe venue in the District of Nevada, not the Central District of California. According to the allegations of the complaint, jurisdiction is based upon diversity of citizenship. (Complaint, ¶5.) The complaint names two defendants, MGM GRAND and MGM MIRAGE., both of which are alleged to reside in Nevada (Complaint, ¶5.) In fact, there is just one

1  entity, MGM GRAND HOTEL, LLC dba MGM GRAND ("MGM GRAND"),
2  which resides in Las Vegas, Nevada. (Horwitz Declaration, ¶2.)
3  	Since MGM GRAND is the only defendant, Nevada is the appropriate district
4  for venue under §1391(a)(1), "a judicial district where any defendant resides, if all
5  defendants reside in the same State."
6  	The accident is alleged to have occurred on August 2, 2007 in a stairwell in a
7  garage at MGM GRAND in Las Vegas (Complaint, ¶¶9-10). Therefore, the District
8  of Nevada – Las Vegas is the appropriate venue under §1391(a)(2), "a judicial
9  district in which a substantial part of the events or omissions giving rise to the claim
10 occurred, or a substantial part of property that is the subject of the action is
11 situated."
12 	Since the District of Nevada is the appropriate venue under subsections (a)(1)
13 and (a)(2) of 28 U.S.C. 1391, it would also be the appropriate district for venue
14 under §1391(a)(3), "a judicial district in which any defendant is subject to personal
15 jurisdiction at the time the action is commenced, **if there is no district in which the**
16 **action may otherwise be brought.**" (Emphasis added.)[1] Nevada is a district in
17 which the action may be brought, therefore the Central District of California is not
18 an appropriate venue, even assuming for purposes of argument there is personal
19 jurisdiction in this district (see footnote 1).
20 **III.	THIS CASE SHOULD BE DISMISSED UNDER 28 U.S.C. §1406(A)**
21 	This case has been filed in a wrong district, as demonstrated in Section II
22 above. As such, the case may be dismissed pursuant to 28 U.S.C. §1406(a), which
23 states:

---

[1] Defendant does not concede that there is personal jurisdiction in the Central District of California and, instead, reserves its right to assert any defenses it may have based upon lack of personal jurisdiction. See Section V below.

> (a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

It is therefore respectfully requested that this case be dismissed under 28 U.S.C. §1406(a).

Alternatively, if the Court finds it to be in the interests of justice to transfer this case instead of dismissing it, then it is respectfully requested that transfer be made to the District of Nevada – Las Vegas, where it could have been brought.

## IV. ALTERNATIVELY, IT IS RESPECTFULLY REQUESTED THAT THIS CASE BE TRANSFERED TO THE DISTRICT OF NEVADA – LAS VEGAS UNDER 28 U.S.C. 1404(A) FOR THE CONVENIENCE OF THE PARTIES AND WITNESSES

Las Vegas is the most convenient venue for the parties and witnesses in this case. (Horwitz Declaration, ¶¶3-4.) Section 1404(a) states:

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

All defense witnesses and virtually all third party and percipient witnesses reside in the District of Nevada (Horwitz Declaration, ¶3.) The accident occurred in a building located in Las Vegas, Nevada. All of defendant's records and all of the emergency response and treatment records and all the records of the Sunrise Hospital where plaintiff was taken after the accident are located in Las Vegas, Nevada. (Horwitz Declaration, ¶3.) The convenience of the parties and the interests of justice would be served by transferring this matter to the District of Nevada – Las

1  Vegas.

## V. DEFENDANT DOES NOT CONSENT TO JURISDICTION

Defendant MGM GRAND does not consent to jurisdiction and, instead, believes this Court does not have personal jurisdiction over defendant in this case. Defendant reserves the right to move for dismissal of this case for lack of jurisdiction should the current motion be denied.

## VI. CONCLUSION

For all the reasons set forth above, it is respectfully requested that this Court dismiss this case, or, alternatively, transfer this case to the District of Nevada – Las Vegas.

DATED: September 14, 2009

SCHAFFER, LAX, McNAUGHTON & CHEN
A Professional Corporation

BY: /s/ John H. Horwitz
JOHN H. HORWITZ
Attorneys for Defendants MGM GRAND HOTEL, LLC dba MGM GRAND, erroneously sued as MGM GRAND and MGM MIRAGE

283908 16925

6

NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER VENUE (28 USC. §1391(a); OR IN THE ALTERNATIVE, TO TRANSFER FOR IMPROPER VENUE 28 USC §1406(a) OR IN THE ALTERNATIVE, TO TRANSFER FOR CONVENIENCE (28 USC §1404(a)