E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5625-GHK (AJWx) | Date | September 24, 2009 |
|---|---|---|---|
| Title | *Bernie Rodriguez v. MGM Grand, et al.* | | |

| **Presiding: The Honorable** | **GEORGE H. KING, U.S. DISTRICT JUDGE** | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| (none) | (none) |

**Proceedings:**     **(In Chambers) Order to Show Cause**

On July 31, 2009, Plaintiff Bernie Rodriguez ("Plaintiff") filed the above-captioned Complaint against Defendants MGM Grand and MGM Mirage ("Defendants"). The Complaint states that Plaintiff is a citizen of California, and that Defendants are both citizens of Nevada. Defendants have filed a Motion to Dismiss, in which they state that Defendant MGM Grand Hotel, LLC d/b/a MGM Grand has been erroneously sued as MGM Grand and MGM Mirage. (Mot. Dismiss 1).

As a court of limited jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), we must determine the issue of subject matter jurisdiction before reaching the merits of a case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). When a case does not arise under federal law, we have original jurisdiction only when there is "diversity of citizenship." 28 U.S.C. § 1332. An action may be filed in federal court based on diversity jurisdiction where the civil action is between citizens of different states, and the amount in controversy exceeds $75,000. *Id.*

**I.     Limited Liability Company Citizenship**

The Complaint does not properly indicate the citizenship of the limited liability company parties. "For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of its members." 15 Martin H. Redish, *Moore's Federal Practice* § 102.57[8] (3d ed. 2007); *see also Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens."). We require evidence of the citizenship of every member of each limited liability company party.

Often, at least one member of a limited liability company is itself a business entity. If that is the case, we require information of that business's citizenship under the proper rule for that particular type of entity. *See* 15 Martin H. Redish, *Moore's Federal Practice* §§ 102.56–102.57. For instance, if any member is incorporated, then we require at least some information as to that corporation's citizenship. This may include a listing of the top five states in which that member conducts business, in at least the

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5625-GHK (AJWx) | Date | September 24, 2009 |
|---|---|---|---|
| Title | *Bernie Rodriguez v. MGM Grand, et al.* | | |

following categories: (1) the number of employees it has in each state; (2) the percentage of its sales originating in each state; (3) the percentages of its assets held in each state. We also require the location of the member's headquarters, but we will revert to the use of the 'nerve center' test only if the response information shows that the member's operations do not predominate in a single state. *See Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 500 (9th Cir. 2001); *see also Davis v. HSBC Bank Nevada, N.A*, 557 F.3d 1026, 1028-29 (9th Cir. 2009).

If any member of a limited liability company is an individual, *i.e.* a natural person, then the domicile standard governs. An individual's citizenship is determined by the state where a natural person is domiciled, and a person may only have one domicile at a time. *Gaudlin v. Remis*, 379 F.3d 631 (9th Cir. 2004). Domicile is not merely someone's state of residence. "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). Therefore, a person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). In order to properly determine individual citizenship and whether diversity jurisdiction exists, Plaintiff must provide information as to the place of domicile for each party who is a natural person.

**II.    Order**

The party seeking to establish jurisdiction bears the burden of proving such. *Kokkonen*, 511 U.S. at 377. Here, the Complaint is insufficient to do so because Plaintiff has not provided the required information noted above. Therefore, Plaintiff is **ORDERED TO SHOW CAUSE**, in writing, **WITHIN TWELVE (12) DAYS**, as to why this matter should not be dismissed because this court lacks subject matter jurisdiction.

Plaintiff's failure to timely and adequately show cause as required herein shall be deemed Plaintiff's admission that this Court lacks subject matter jurisdiction. In that event, this action shall be dismissed for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

|  |  | -- | : | -- |
|---|---|---|---|---|
|  | Initials of Deputy Clerk | | Bea | |