E-Filed; JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5625-GHK (AJWx) | Date | September 29, 2009 |
|---|---|---|---|
| Title | *Bernie Rodriguez v. MGM Grand, et al.* | | |

| **Presiding: The Honorable** | **GEORGE H. KING, U. S. DISTRICT JUDGE** | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   (In Chambers) Order re: Defendant's Motion to Dismiss for Improper Venue, or in the Alternative, to Transfer for Improper Venue, or in the Alternative, to Transfer for Convenience

   This matter is before us on Defendant MGM Grand Hotel, LLC d/b/a MGM Grand erroneously sued as MGM Grand and MGM Mirage's ("Defendant") Motion to Dismiss for Improper Venue, or in the Alternative, to Transfer for Improper Venue, or in the Alternative, to Transfer for Convenience ("Motion").  We have considered the papers filed in support of this Motion and deem this matter appropriate for resolution without oral argument.  L.R. 7-15.  As the Parties are familiar with the facts, we will repeat them only as necessary.  Accordingly, we rule as follows.

   Under 28 U.S.C. § 1391(a), "[a] civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought."  Plaintiff's Complaint states that Defendant resides in Las Vegas, Nevada.  (Compl. 2).  Although corporations may reside anywhere they are subject to personal jurisdiction under 28 U.S.C. § 1391(c), there has been no showing that there is personal jurisdiction over Defendant in the Central District of California in the Complaint.  Moreover, because Plaintiff has not filed any Opposition to this Motion, he has not set forth any basis for personal jurisdiction beyond the Complaint.  Venue is not established under § 1391(a)(1).  Section 1391(a)(2) is also unavailing, as the Parties agree that the events giving rise to the claim occurred in Nevada.  Finally, § 1391(a)(3) is only triggered where venue is not proper in any other district, and here, venue is clearly proper in the District of Nevada.  Venue is therefore improper in the Central District of California.

   Because we find that venue is improper here, under 28 U.S.C. § 1406(a), we may "dismiss, or if it be in the interest of justice, transfer [this] case to any district or division in which it could have been

E-Filed; JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5625-GHK (AJWx) | Date | September 29, 2009 |
|---|---|---|---|
| Title | *Bernie Rodriguez v. MGM Grand, et al.* | | |

brought." Since venue would be proper in the District of Nevada, we hereby **TRANSFER** the above-captioned action to the District of Nevada. Accordingly, our September 24, 2009 Order to Show Cause is hereby **DISCHARGED as moot**.

**IT IS SO ORDERED.**

:

Initials of Deputy Clerk        Bea